# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

SUMAYAH HODGES,

    Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

    Defendants.

Case No. 2:19-cv-01789-JAD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the Court are pro se plaintiff Sumayah Hodges's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Hodges's in forma pauperis application is denied without prejudice. The Court orders sua sponte that the Clerk of Court SEAL ECF No. 1-2 as it appears to contain the plaintiff's social security number and other sensitive information regarding her insurance benefits. (ECF No. 1-2).

## DISCUSSION

Hodges's filings present two questions: (1) whether Hodges may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Hodges's complaint states a plausible claim for relief. The plaintiff's filings also contain sensitive information, including her social security number, that she filed on the public docket.

**I.    Whether Hodges May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Hodges's application is incomplete: she did not completely fill out the affidavit and she left the section regarding her income blank. (ECF No. 1). Hodges wrote out a narrative section on the affidavit (the section reserved for explaining sources of income), but Hodges's

handwriting in this section is illegible. (*Id.* at 1). Regarding her bank account, Hodges wrote that she has $3,000 in a checking account. (*Id.* at 2). Regarding expenses, Hodges wrote that her only expenses are "court orders + judgments" without listing any other expenses (such as food, bills) or the amount of the court orders and judgments. (*Id.*) The Court cannot determine if Hodges has income and cannot analyze Hodges's expenses unless Hodges submits an itemized affidavit regarding her income and expenses. Plaintiff's application to proceed in forma pauperis is denied without prejudice.

## II.     Whether Hodges's Complaint States a Plausible Claim

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Though the Court does not need to screen plaintiffs' complaint at this time, the Court will provide guidance to plaintiff on the screening that will take place should plaintiff's application be granted in the future. Hodges's complaint is difficult to follow, and her handwriting is illegible. It consists of three pages of illegible handwriting. (ECF No. 1-1 at 1-3). The complaint also consists of copies of a public records request, a printout from Missouri courts regarding the plaintiff from 2016 and other court documents. (ECF No. 1-1 at 4-14). Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a

2

single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

Since Hodges's complaint is illegible, the Court cannot determine what Hodges is alleging in this case. Based on these issues with the complaint, it is likely that the Court will require Hodges to amend the complaint when it is screened under 28 U.S.C. § 1915(e)(2)(B). Hodges should consider submitting a completely legible amended complaint if she files a new in forma pauperis application or pays the filing fee.

### III. Federal Rule of Civil Procedure 5.2(a)(1)

Federal Rule of Civil Procedure 5.2(a)(1) mandates that litigants must not file documents, "with the court that contains an individual's social security number" and "a party or nonparty making the filing may include only: the last four digits of the social-security number[.]" The Ninth Circuit has found that public disclosure of SSNs [Social Security numbers], especially when accompanied by names and addresses, may implicate the constitutional right to informational privacy…[and] the harm that can be inflicted from the disclosure of a SSN to an unscrupulous individual is alarming and potentially financially ruinous." *Ferm v. United States Tr. (In re Crawford)*, 194 F.3d 954, 958 (9th Cir. 1999) (internal citations omitted).

It appears that Hodges filed sensitive documents in support of her complaint that contain her social security number and information regarding her insurance benefits. The Court sua sponte directs the Clerk of Court to seal ECF No. 1-2 so that the social security number and other potentially sensitive information regarding Hodges's insurance is hidden from the public docket. If Hodges wishes to refile these documents in support of her new in forma pauperis application or amended complaint, she may

redact her social security number, or file a motion for leave to file these documents under seal pursuant to the procedure outlined in Local Rule IA 10-5.

ACCORDINGLY,

IT IS ORDERED that plaintiff Hodges's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court SEAL the documents that plaintiff filed at ECF 1-2. (ECF No. 1-2 at 1-4).

IT IS FURTHER ORDERED that by December 27, 2019, plaintiff must either (1) file a complete and legible application to proceed in forma pauperis or (2) plaintiff must pay the full fee for filing a civil action.

IT IS FURTHER ORDERED that failure to timely comply with this order will result in a recommendation that this case be dismissed with prejudice.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

//

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 26th day of November 2019.

_____
C AM F ERENBACH
U NITED S TATES M AGISTRATE J UDGE